UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STUDENT ADVANTAGE FUND I LLC,

        Plaintiff,

-against-

KENNEDY LEWIS MANAGEMENT LP,

        Defendant.

No. 19-cv-02401 (PKC)

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiff Student Advantage Fund I, LLC ("SAF") and Defendant Kennedy Lewis Management LP ("Kennedy Lewis") (collectively, the "Parties"), by and through their respective counsel, having agreed that an order is necessary to protect the confidentiality of documents and other information obtained in the course of this case, hereby agree to be bound by this Stipulated Confidentiality and Protective Order (the "Protective Order").

1. Any and all information produced or disclosed in the course of discovery ("Discovery Materials") in the above-captioned action (the "Action") shall be used solely in connection with the prosecution, defense, or appeal of this Action, or the enforcement of any final judgment of this Action, and shall not be used for any other purpose, unless the Court otherwise directs or the producing party otherwise agrees in writing.

2. Any Discovery Materials produced or disclosed by any Party or non-party may be designated by such Party or non-party as "Confidential," "Highly Confidential," or "Attorney's Eyes Only" pursuant to the terms of this Protective Order.

1

3. As used herein "designated company representatives" shall mean Jeffrey Groeber and Hillary Darnell for SAF, and Darren Richman, David Chene, and Anthony Pasqua for Kennedy Lewis.

4. As a general guideline, Discovery Materials designated as *"Attorney's Eyes Only," "Highly Confidential,"* or *"Confidential"* shall be those things that must be protected from disclosure to third-parties, including information of a proprietary business or technical nature that might be of value to a competitor, potential competitor, customer, or potential customer of the Party or non-party holding the proprietary rights thereto. A Party or non-party may, in good faith, apply the designation *"Highly Confidential"* to the following information: trade secrets, confidential technical or business information, confidential design documents, technical practices, methods and other know-how, marketing plans, business plans, non-public devices, product profit data and other projections, financial information, business strategy, confidential agreements or relationships with non-parties, material that a party is under a pre-existing obligation to a nonparty to treat as such, and intraparty communications concerning "Highly Confidential Information." A Party may, in good faith, apply the designation *"Attorney's Eyes Only"* to information that both (i) meets the criteria for "Highly Confidential" information and (ii) has not previously been shared between the Parties to the Action. A Party or non-party may, in good faith, apply the designation *"Confidential"* to the following information: confidential information that does not constitute "Highly Confidential" or "Attorney's Eyes Only" information that may be disclosed to the parties for the purpose of this Action, but which must be protected against disclosure to non-parties, including information that a Party or non-party, in the ordinary course of business, does not or would not publicly disclose, such as interparty communications. All designations by a Party or non-party must be made in good faith.

5. The designation of Discovery Materials as "Confidential," "Highly Confidential," or "Attorney's Eyes Only" for purposes of this Protective Order shall be made in the following manner by the Party or non-party seeking protection:

(a) in the case of documents, exhibits, briefs, memoranda, written discovery responses, or other written material: by affixing the legend "Confidential," "Highly Confidential," or "Attorney's Eyes Only," as appropriate, at the time that such Discovery Materials are disclosed, or as soon thereafter as the producing Party or non-party seeking protection notifies the receiving party of the confidential nature of the Discovery Materials disclosed and sought to be protected hereunder;

(b) in the case of things, by affixing the legend "Confidential," "Highly Confidential," or "Attorney's Eyes Only," as appropriate, to packaging in which the thing is contained or other, similarly prominent means of designation; or

(c) in the case of transcripts of deposition testimony, a Party or non-party may designate as Confidential, Highly Confidential, or Attorney's Eyes Only any portion of a transcript from a deposition deemed to contain such material. The party seeking a confidentiality designation shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential, Highly Confidential, or Attorney's Eyes Only information ("<u>Confidential Testimony</u>") either orally at the deposition or in writing no later than 14 calendar days after receipt from the court reporter of the final deposition transcript. Prior to and during such 14-day period, the parties shall treat the entire transcript as Highly Confidential. The reporter shall mark CONFIDENTIAL, HIGHLY CONFIDENTIAL, or ATTORNEY'S EYES ONLY on the face of the transcript at the beginning and end of any portions of Confidential Testimony.

6. The Parties shall meet and confer in good faith regarding the use of Confidential, Highly Confidential, or Attorney's Eyes Only information in open court at least 7 days prior to any such use.

7. Discovery Materials designated as "Confidential" or "Highly Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   (a) the Parties' counsel, and regular and temporary employees of such counsel to whom it is reasonably necessary that the Discovery Materials be shown for the purposes of this Action;

   (b) designated company representatives, provided, however, that such Discovery Materials will only be shared to the extent reasonably necessary for the purposes of this Action;

   (c) the author or recipient of a document containing Confidential or Highly Confidential information;

   (d) during their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary, subject to and conditioned upon compliance with Paragraph 10 herein;

   (e) consultants as defined in Paragraph 9 herein, subject to and conditioned upon compliance with Paragraph 10 herein;

   (f) the Court and those employed by the Court;

   (g) court reporters and employees of court reporters engaged in connection with this Action to record and transcribe testimony in this Action;

  (h) non-party outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, or litigation support services engaged by the Parties during this Action to whom disclosure is reasonably necessary for this Action, subject to and conditioned upon compliance with Paragraph 10 herein; and

  (i) any other person only upon order of the Court or upon written consent of the Party or non-party producing the Discovery Materials.

  8. Discovery Materials designated as "Attorney's Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

  (a) the Parties' counsel, and regular and temporary employees of such counsel to whom it is reasonably necessary that the Discovery Materials be shown for the purposes of this Action;

  (b) the author or recipient of a document containing Attorney's Eyes Only information;

  (c) consultants as defined in Paragraph 9 herein, subject to and conditioned upon compliance with Paragraph 10 herein;

  (d) the Court and those employed by the Court;

  (e) court reporters and employees of court reporters engaged in connection with this Action to record and transcribe testimony in this Action;

  (f) non-party outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, or litigation support services

engaged by the Parties during this Action to whom disclosure is reasonably necessary for this Action, subject to and conditioned upon compliance with Paragraph 10 herein; and

(g) any other person only upon order of the Court or upon written consent of the Party or non-party producing the Discovery Materials.

9. For purposes of Paragraphs 7(e) and 8(c) herein, a "consultant" shall be defined as a person who is retained or employed as a consultant or expert for purposes of this Action, whether full or part time, by or at the direction of counsel of record for a Party, and who is otherwise unaffiliated with the Parties to the Action.

10. Subject to all other restrictions and limitations contained in this Protective Order, all persons listed in Paragraphs 7(d), 7(e), 7(h), 8(c), and 8(f) above may not receive access to any Discovery Materials containing "Confidential," "Highly Confidential," or "Attorney's Eyes Only" information until they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

11. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object.

Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with this paragraph and the Court's Individual Practices, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

12. No Party or non-party shall be obligated to challenge the propriety of the designation of any Discovery Materials as "Confidential," "Highly Confidential," or "Attorney's Eyes Only" and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such Discovery Materials or the information contained therein to persons not identified in this Protective Order, or from otherwise modifying the provisions of this Protective Order.

13. A Party may challenge another Party or non-party's designation of Discovery Materials produced herein as "Confidential," "Highly Confidential," or "Attorney's Eyes Only" by serving a written objection upon the producing party. The producing party shall notify the challenging Party in writing of the bases for the asserted designation within ten (10) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within ten (10) business days after the challenging Party has received the notice of the bases for the asserted designation. If the parties are unable to reach an agreement regarding the designation, then the challenging Party may make an appropriate motion to the Court requesting that specifically identified documents and/or information be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. On any motion challenging the asserted designation of any Discovery

Materials, the burden of proof shall lie with the producing party to establish that the material is, in fact, properly designated "Confidential," "Highly Confidential," or "Attorney's Eyes Only." Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the Discovery Materials in question as if the asserted designation is valid.

14. Any person or entity in possession of Confidential, Highly Confidential, or Attorney's Eyes Only Discovery Materials shall maintain those materials in a reasonably secure manner.

15. Entering into, agreeing to, and/or producing or receiving Confidential, Highly Confidential, or Attorney's Eyes Only Discovery Materials, or otherwise complying with the terms of this Protective Order shall not:

   (a) operate as an admission by any party that any Discovery Materials designated as "Confidential," "Highly Confidential," or "Attorney's Eyes Only" contain or reflect trade secrets or any other type of protectable information;

   (b) prejudice in any way the rights of the Parties to object to the production of documents that they consider not subject to discovery;

   (c) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

   (d) prejudice in any way the rights of a Party to seek a determination by the Court as to whether any information or material should be subject to the terms of this Protective Order;

(e) prejudice in any way the rights of a Party or non-party to request that the Court issue a further protective order relating to any purportedly confidential information; or

(f) prevent the parties to this Protective Order from agreeing in writing or in a hearing in this Action to alter or waive the provisions or protections provided herein with respect to any particular information or material.

16. This Protective Order has no effect upon, and shall not apply to, a Party or non-party's use or disclosure of its own Confidential, Highly Confidential, or Attorney's Eyes Only information for any purpose.

17. If a Party or non-party inadvertently produces "Confidential," "Highly Confidential," or "Attorney's Eyes Only" Discovery Materials without marking them as such, then they may be disclosed to others and used for any purpose until the producing party notifies the receiving party. As soon as the receiving party is notified of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document that it distributed or disclosed to persons not authorized to access such information by Paragraph 7 above, as well as any copies made by such persons and must discontinue any impermissible use of the information.

18. Pursuant to Federal Rule of Evidence 502(d), a producing party's inadvertent disclosure or production of any information in this Action shall not, for the purposes of this Action or any other proceeding in any other court, constitute a waiver by that party of any privilege or protection applicable to that information, including the attorney-client privilege, work product protection, and any other privilege or protection recognized by law.

19. In the event that a producing party determines that it has inadvertently produced privileged or protected information, such producing party may provide notice to any receiving party that such information is subject to a claim of privilege or protection. The producing party's notice shall clearly identify the material subject to a claim of privilege or protection and the basis for such claim. After being notified, a receiving party must promptly return or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court for a determination of the claim. The producing party must preserve the information until the claim is resolved. Failure by a producing party to timely notify a receiving party of a claim of privilege or protection shall not prejudice any claim of privilege or protection or operate as a waiver thereof, provided, however, that any disclosure of privileged or protected material by the receiving party before the producing party designates the information as protected shall not be deemed a violation of this Protective Order.

20. The terms of this Protective Order shall apply to all manner and means of discovery in this Action.

21. The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this Action. Unless the Court orders otherwise, within sixty (60) days after receiving notice of the entry of an award finally disposing of this Action, all persons having received Discovery Materials designated as "Confidential," "Highly Confidential," or "Attorney's Eyes Only" hereunder shall return such material and all copies thereof (including excerpts) to counsel of record for the producing party or, alternatively, shall destroy such

material and provide written certification of such destruction to counsel of record for the producing party, so long as there are no pending proceedings in the Action or, otherwise, within sixty (60) days of conclusion of proceedings in the Action including any appeals. All material returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph 20. Notwithstanding this provision, counsel for the receiving party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential, Highly Confidential, or Attorney's Eyes Only information. Any such archival copies that contain or constitute Confidential, Highly Confidential, or Attorney's Eyes Only information remain subject to this Order.

22. If a Party seeks discovery from a non-party to this Action, then the producing non-party may invoke the terms of this Protective Order to protect the confidentiality of any materials provided by the non-party, provided, however, that such non-parties complete and sign a copy of an undertaking in the form attached hereto as Exhibit A and provide such signed Exhibit A to the Party requesting discovery. The Party requesting discovery shall timely serve a copy of the executed Exhibit A to the other Parties to the Action.

23. In seeking discovery from non-parties that are identified as actual or potential clients of SAF or Kennedy Lewis in the Action, the Parties may disclose to each such alleged actual or potential client that they have been identified as potential or actual clients in the Action.

Date: 12/12/19

*[signature]*

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Stephen J. Barrett
150 East 42nd Street
New York, New York 10017
Telephone: (212) 915-5479
Facsimile: (212) 490-3038
stephen.barrett@wilsonelser.com

Date: 12/11/19

*[signature: Stephen Baldini]*

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Stephen M. Baldini
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
sbaldini@akingump.com

## SO ORDERED.

*[signature]*

P. Kevin Castel
United States District Judge
12/13/2019

## EXHIBIT A

### AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER

I, the undersigned, _____ (print or type name), hereby acknowledge that I have received a copy of the Stipulated Protective Order (the "Order") entered on _____, 2019, in the case captioned *Student Advantage Fund I LLC v. Kennedy Lewis Management LP*, No. 19-cv-02401 (PKC) (S.D.N.Y. 2019). My business/residence address is as follows:_____

_____

_____.

I hereby consent to personal jurisdiction over me by the Court presiding over the above-captioned case for purposes of enforcing the Protective Order. I hereby acknowledge that I have received a copy of the Protective Order, I have read and understand the Protective Order, and I agree (1) to be bound by all of the provisions thereof; and (2) to submit to the jurisdiction of the Court for matters relating to this Action.

_____

Executed on the ____ day of _____, 201_, at _____.